UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

FIRDAVSJON ISMOILOV,

                Petitioner,

v.

ANGELA DUNBAR et al.,

                Respondents.

_____/

Case No. 1:26-cv-669

Honorable Robert J. Jonker

## **ORDER**

This is a habeas corpus action brought by counsel on behalf of an individual detained by the United States Immigration and Customs Enforcement at the North Lake Processing Center in Baldwin, Lake County, Michigan. In an Opinion and Judgment entered on April 6, 2026, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. (Op. & J., ECF Nos. 10, 11.)

The Detroit Immigration Court held a § 1226 bond hearing on April 13, 2026. (Order Immigration Judge, ECF No. 12-1, PageID.155.) Following the April 13, 2026, hearing, the Detroit Immigration Court entered an order denying Petitioner's request for a change in custody status because Petitioner had "failed to demonstrate he is not a flight risk." (*Id*., PageID.156.)

On May 21, 2026, Petitioner filed an emergency motion to enforce the Court's April 6, 2026, Judgment. (ECF No. 13.) In the motion, Petitioner argues that the Immigration Judge improperly concluded that Petitioner was a flight risk. Petitioner asks this Court to order his

immediate release from custody, or, alternatively, to order that Petitioner be provided a new bond hearing.

In Petitioner's emergency motion for immediate release, Petitioner seeks to challenge the determinations made at the bond hearing that was held in response to the Court's April 6, 2026, Opinion and Judgment. However, the Court notes that the issues raised, and the relief sought, in Petitioner's initial § 2241 petition (ECF No. 1) were resolved by the Court's April 6, 2026, Opinion and Judgment and the holding of the § 1226 bond hearing in Immigration Court. Although Petitioner is free to challenge the § 1226 bond hearing, any challenge to the constitutionality of the § 1226 bond hearing raises new claims that were not raised in Petitioner's original § 2241 petition and that were not addressed by the Court's April 6, 2026, Opinion and Judgment. Therefore, the Court will deny Petitioner's emergency motion to enforce judgment. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the bond hearing that was held in response to the Court's April 6, 2026, Opinion and Judgment, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.

Accordingly,

**IT IS ORDERED** that Petitioner's emergency motion to enforce judgment (ECF No. 13) is **DENIED**.

Dated:   June 18, 2026                              /s/ Robert J. Jonker
                                                    ROBERT J. JONKER
                                                    UNITED STATES DISTRICT JUDGE

2